## MARTIN & HILL *versus* WOODALL.

A paper, promising to pay a certain sum of money for staves, (subject to a de-
duction for any number not procured,) at two dollars a thousand—held not
subject to the same rules of decision which regulate *promissory notes ;* so as
to authorise the Court to give judgment on it without the intervention of a
jury.

In an action on such a paper, it is essential to aver in the declaration, the num-
ber of staves actually procured.

This was assumpsit, brought in Dallas Circuit
Court, to recover of the plaintiffs in error, the sum of
one hundred dollars. The instrument, on which the
action was founded, was in the following words, to-
wit : " We promise to pay Jesse Beene one hundred
" dollars for fifty thousand staves, which we have li-
" berty to get off his land, at the mouth of Cedar creek,
" Dallas county, subject to a deduction for any num-
" ber we may not get, at two dollars a thousand."

This cause of action was declared on, as a com-
mon promissory note : and the declaration contained
no averment of the number of staves actually procur-
ed by the defendants. The Court below suffered a
judgment final by default to be rendered, and it was
here assigned for error.

First—that the Court erred in giving a judgment
final by default, without the intervention of a jury.

Second—that the declaration was defective, in not
containing an averment of the number of staves ac
tually taken by the defendants.

WHITE, J.—The following are the words of the
instrument on which this action was founded:—"We
promise to pay Jesse Beene, one hundred dollars for

fifty thousand staves, which we have liberty to get off his land at the mouth of Cedar Creek, Dallas county, subject to a deduction for any number we may not get, at two dollars a thousand." The declaration is in the form, usual, on promissory notes, containing no averment of the number of staves actually got—a judgment by default final, was taken in the Court below, and it is here assigned for error.

1. That the Court erred in giving final judgment, without the intervention of a jury.

2. That the declaration is defective in not avering the number of staves actually taken by the plaintiffs in error. For the defendant, in this Court, it is contended, that the instrument sued on, though not a promisory note by the law Merchant, technically speaking, yet by the provisions of the statute of 1812, it is in effect one, due presently, and that if the staves were not got, it was purely a matter of defence to be pleaded, as any other failure of consideration. As to the intervention of a jury, it is insisted that the judgment by default confessed a cause of action for the full amount, and therefore, that there was no necessity for a jury to assess damages. A very slight examination into the intention of the parties to this contract, and the legal effect of the contract itself, will enable us to see whether the errors assigned are well taken. To my mind, it imports nothing more than an agreement that Martin & Hill should be permitted to get staves off the land of Beene to any amount not exceeding fifty thousand, for which they were to pay at the rate of two dollars a thousand. True, they promised to pay one hundred dollars, and this, if taken independently of the contingency, stated in the writing, would bind them to pay that sum

immediately. But in as much as they, in effect, only promised to pay at a specified rate, for the staves which they should afterwards get, they were not bound to pay a cent until they had got some of the staves, and then only in proportion to the number received. It was therefore indispensable to aver what staves they had got. Without this, the declaration did not contain a substantial cause of action, and could not be good even under the extensive provisions of the act of 1824. But if necessary to aver, it was equally so, to prove this fact, otherwise it did not appear what sum should have been recovered, and the judgment by default could not legally be rendered for more than nominal damages. As then, the writing itself did not furnish data from which to ascertain the amount, but other proof was needed, a jury should have intervened. We are, then, of opinion, that for the two errors relied on, the judgment must be reversed, to the writ, and the cause remanded.